UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONNIE JAY DAVIS,

        Petitioner,        Case No. 1:08-cv-647

v.        Honorable Gordon J. Quist

CINDI S. CURTIN,

        Respondent.
_____/

### REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.  Factual Allegations

Petitioner Donnie Jay Davis presently is incarcerated with the Michigan Department of Corrections and housed at the Oaks Correctional Facility. He currently is serving two terms of life imprisonment, imposed by the St. Joseph County Circuit Court on June 8, 1981, after a jury convicted him of two counts of first-degree murder, MICH. COMP. LAWS § 750.316. Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The supreme court denied leave to appeal on February 25, 1986.

According to the allegations of Petitioner's concurrently filed motion for relief from judgment (docket #3), Petitioner next filed his first habeas petition in the Eastern District of Michigan on February 19, 1987, which was denied on September 10, 1987. *Davis v. Foltz*, No. 2:87-CV-70594-BKH (E.D. Mich.)  Petitioner appealed the denial of the petition to the Sixth Circuit, which affirmed the district court's decision. *See Davis v. Foltz*, No. 87-1957 (6th Cir.).[1]

On December 27, 1994, Petitioner filed his first motion for relief from judgment in the St. Joseph County Circuit Court. The motion was denied on June 6, 1996. Petitioner sought

---

[1] Although the instant habeas petition is numerically second, this Court has jurisdiction to consider the petition without first receiving an order from the Sixth Circuit under 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to seek an order from the court of appeals authorizing the filing of a second or successive habeas application). *See Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 799 (2007) (stating that the requirement of authorization from the court of appeals under § 2244(b)(3)(A) is jurisdiction). When the initial petition was filed before the enactment of the AEDPA on April 24, 1996, the district court must analyze whether the second or successive habeas petition would have survived under the pre-AEDPA abuse of the writ standard. *Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). That standard does not require authorization from the court of appeals. *Id.* Because the petition is clearly time-barred, however, the court need not address whether the petition is second or successive.


leave to appeal to the Michigan Court of Appeals, which denied leave to appeal on October 2, 1996. Petitioner did not seek leave to appeal to the Michigan Supreme Court.[2]

Petitioner filed a second motion for relief from judgment on October 8, 2004. The motion was denied on December 15, 2005. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was denied on April 19, 2007. Petitioner sought leave to appeal to the Michigan Supreme Court, raising one new issue not previously raised in the courts below. The supreme court denied leave to appeal on September 24, 2007. Petitioner filed the instant habeas application on or about June 26, 2008.[3]

II.     Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

---

[2]In his separately filed motion for relief from judgment (docket #3), however, Petitioner alleges that he timely filed an application for leave to appeal to the Michigan Supreme Court, and the court denied leave to appeal "soon thereafter." (Pet. Mot. Under Rule 60(b) at 2, docket #3.) In his habeas petition, however, Petitioner does not allege that he filed an application for leave to appeal to the Michigan Supreme Court, and none of the hundreds of pages of attachments to his filings contain any indication that such application was filed. In fact, in Attachment C to his petition, Petitioner includes a hand annotated docket sheet for his many case filings in the St. Joseph County Circuit Court. That docket sheet contains no annotation reflecting the filing of an application for leave to appeal to the Michigan Supreme Court. (Pet., Att. C at 125, docket #1-3.) Moreover, the public docket of the Michigan Court of Appeals shows that no application for leave to appeal to the Michigan Supreme Court was filed. *See People v. Davis*, No. 195975 (Mich. Ct. App.).

[3]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on June 26, 2008, and it was received by the Court on July 8, 2008. Thus, it must have been handed to prison officials for mailing at some time between June 26 and July 8, 2008. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

of the AEDPA, there was no defined period of limitation for habeas actions.[4]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[4]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

- 4 -

§ 2244(d)(1)(A). According to Petitioner's habeas application and motion for relief from judgment, Petitioner appealed his conviction to both the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 25, 1986. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-084 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, May 26, 1986.

Because enactment of the statute could extinguish otherwise viable claims, a petitioner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001); *Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999). The grace period ended on April 24, 1997. *Bronaugh v. Ohio*, 235 F.3d 280, 284-85 (6th Cir. 2000). Absent tolling, therefore, the Petitioner's statute of limitations expired more than eleven years ago.

As previously noted, however, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence*, 127 S. Ct. at 1083-84. The statute is not tolled during the time that a Petitioner petitions for writ of certoriari in the United Stated Supreme Court. *Id.*

In the instant case, when the AEDPA became effective on April 24, 1996, Petitioner's first motion for relief from judgment already was pending in the state courts. His one-year grace period therefore was tolled from the date of enactment of the AEDPA until the completion of state-court postconviction proceedings on his motion. The Michigan Court of Appeals denied leave to appeal his motion on October 2, 1996. Petitioner did not seek leave to appeal to the Michigan Supreme Court, though Petitioner is entitled to the 56-day period in which he could have filed that application. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (holding that state postconviction proceedings remain "pending" "until the application has achieved final resolution through the State's postconviction procedures") *Id.*; *Lawrence*, 127 U.S. at 1083 (distinguishing the time for filing certiorari petition in United States Supreme Court from state review processes). Petitioner's first motion for relief from judgment, therefore, ceased tolling the statute on November 27, 1996. He had one year from that date, or until November 27, 1997, in which to file his habeas petition.

Petitioner's second motion for relief from judgment is irrelevant to the calculation of the statute of limitations, as it was filed in 2004, seven years after his statute of limitations had expired. While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton*, 256 F.3d at 408. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of

limitations.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490).

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling.  *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied  "sparingly" by this Court.  *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook*, 295 F.3d at 521; *Dunlap*, 250 F.3d at 1008-009.  A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner argues that he should be entitled to equitable tolling because his appellate attorney was ineffective and Petitioner was required to pursue his postconviction claims while unrepresented.  He also argues that he was uneducated in the law and had a mental illness that made it difficult for him to conduct the necessary research.

The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714

(5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

With respect to Petitioner's claim of mental illness, the "traditional rule [is] that mental illness tolls the statute of limitations if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (collecting decisions of the First, Fifth, Eighth, and Eleventh Circuits); *Jessie v. Potter*, 516 F.3d 709, 714 (8th Cir. 2008). The fact that a person is receiving psychotropic medication weighs more in favor of his being able to function than not. *See Miller*, 77 F.3d at 191-92.

Mental or physical illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period. *Price v. Lewis*, No. 03-6467, 2005 WL 23371, at *1 (6th Cir. Jan. 5, 2005) (citing *Miller*, 77 F.3d at 191, and *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y. 2000)). "The exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002). *See also, Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time" (citation and internal quotation marks omitted) (emphasis added)); *Biester v. Midwest Health Serv., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (finding equitable tolling inappropriate where the evidence demonstrated the plaintiff's ability to file his

claim, in spite of his mental condition); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987) (same).

According to the circuit court docket entries listed in Attachment C to the petition, it is apparent that Petitioner has filed a multitude of motions in the circuit court throughout his period of imprisonment, and Petitioner has attached copies of some of those pleadings to his petition. In addition to the appeals and postconviction motions previously mentioned, Petitioner has filed numerous other documents including a second appeal, multiple motions for evidentiary hearing, and discovery requests. Multiple filings occurred in every year following his conviction, except during the period between October 1996 and July 2003. Plaintiff therefore fails to satisfy his burden of demonstrating that mental illness actually interfered with his ability to pursue relief in the courts. *See Price*, 2005 WL 23371, at *1.

Moreover, even were the court to assume that the hiatus in Petitioner's efforts, from October 1996 until July 2003, was caused by the vaguely alleged mental illness, and further assume that tolling was appropriate for that entire period, Petitioner allowed well over a year to elapse between the time he renewed his litigation efforts in the circuit court on July 2003 and the time he filed his second state-court motion for relief from judgment on October 8, 2004. By filing more than a dozen motions and supporting documents within that period, Petitioner has squarely demonstrated that a mental incapacity did not prevent his pursuit of his habeas remedy. *Brown*, 232 F. Supp. 2d at 768. He therefore has failed to demonstrate either that an extraordinary circumstance stood in his way or that he acted with the requisite diligence that would entitle him to equitable tolling. *Lawrence*, 127 S. Ct. at 1085; *Pace*, 544 U.S. at 418.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  November 25, 2008                                    /s/ Hugh W. Brenneman, Jr.
                                                             HUGH W. BRENNEMAN, JR.
                                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).