UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DONNIE JAY DAVIS,

      Petitioner,

v.                                                                                          Case No. 1:08-CV-647

CINDI S. CURTIN,                                                                HON. GORDON J. QUIST

      Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objections to the report and recommendation dated November 25, 2008, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied because it is barred by the one-year statute of limitations. The magistrate judge also considered Petitioner's argument that he is entitled to equitable tolling based upon his claim of mental illness. With regard to this issue, the magistrate judge cited Petitioner's significant history of filing various motions in circuit court and multiple appeals during his period of incarceration, including filing more than a dozen motions and supporting documents between July 2003 and October 8, 2004 – the period between the end of Petitioner's alleged mental illness and the date he filed his second state-court motion for relief from judgment. Based upon this activity, the magistrate judge concluded that Petitioner's alleged mental illness did not interfere with his ability to file a timely habeas petition. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and Petitioner's petition dismissed.

Petitioner asserts in his Objections that the magistrate judge erroneously concluded that Petitioner's mental illness did not preclude Petitioner from pursing relief in the courts because

Petitioner has been unable to prepare his own legal motions and papers. He says that contrary to the magistrate judge's conclusion, "he has never prepared a single legal pleading in his case and has had all of his filings done by lawyers or inmates in the prison system." (Objections at 1.) Even so, the Court has reviewed the various state-court filings submitted on Petitioner's behalf, attached to the petition as Attachment C, and agrees with the magistrate judge that there is no indication that Petitioner was unable to effectively pursue his legal remedies, even if he did so with assistance from paralegal-inmates. Thus, Petitioner has not made the required showing for equitable tolling.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons set forth in the report and recommendation, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 25, 2008 (docket no. 12) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court. This case is **concluded**.

Dated: January 14, 2009                                  /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                             UNITED STATES DISTRICT JUDGE